## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK, NEW JERSEY

CHRISTINE MACCHIA,                          :
                                            :
    Plaintiff,            :
                                            :
vs.                                         :    Case No. _____
                                            :
ALLERGAN, INC.,                             :
APOLLO ENDOSURGERY INC.                     :
XYZ CORP., JOHN AND JANE                    :
DOES 1-10 (FICTITIOUS PARTIES)              :
    Defendants.           :

### NOTICE OF REMOVAL

Defendants Allergan, Inc. ("Allergan") and Apollo Endosurgery, Inc. ("Apollo"), pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby give notice of removal of a civil action brought against them in the Superior Court of New Jersey, Law Division, Bergen County. In support of this Notice of Removal, Defendants Allergan and Apollo state as follows:

### INTRODUCTION

1.    Plaintiff commenced this action in the Superior Court of New Jersey, Law Division, Bergen County by way of a complaint filed on August 11, 2020, Docket No. L-4684-20, entitled *Christine Macchia v. Allergan Inc., et al.* A true and accurate copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.    Defendant Allergan received a copy of the Summons and Complaint on August 21, 2020. A copy of Plaintiff's "Affidavit of Service" is attached hereto as **Exhibit B**.

3.    Defendant Apollo has not received service of the Summons and Complaint. Apollo nonetheless consents to, and joins in, this Notice of Removal.

1

4.      Other than the Summonses and Complaint, neither Defendant has received any other process, pleadings, motions, or orders.

5.      This Notice of Removal is being filed within thirty days of Defendant Allergan's receipt of Plaintiff's Complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 and § 1446.  This action is between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7.      This Notice of Removal is being filed in the United States District Court for the District of New Jersey, Newark Division, which is the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

## BACKGROUND

8.      This is a products liability medical device action.  Plaintiff claims that she had a LAP-BAND® produced by Allergan, Inc. surgically installed after consultation with her physician. *See* Exhibit A ¶ 6. Plaintiff further claims that sometime in August 2018, she was admitted to the emergency room at The Valley Hospital in Ridgewood, New Jersey and "was advised that due to complications arising out of the use of the Allergan lap-band it had to be removed and that she needed some other surgical repair work to her gastrointestinal tract." *Id.* at ¶¶ 7-8. Plaintiff further claims to have "suffered painful, severe and permanent injuries as a result of the complications arising out of the use of the Allergan lap-band." *Id.* at ¶ 9.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN PLAINTIFF AND DEFENDANTS

9.      Plaintiff Christine Macchia alleges in her Complaint that, at all times relevant, she resided in Washington Township, Bergen County, New Jersey. *Id.* at ¶ 1. Plaintiff is therefore deemed a citizen of New Jersey for purposes of diversity jurisdiction.

10.     Defendant Allergan is incorporated under the laws of the state of Delaware with its principal place of business in California.  Therefore, Allergan, Inc. is a citizen of Delaware and California for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

11.     Defendant Apollo is incorporated under the laws of the state of Delaware with its principal place of business in Texas. Therefore, Apollo is a citizen of the states of Delaware and Texas for purposes of diversity jurisdiction. 28 U.S.C. §1332(c)(1).

12.     Accordingly, there is complete diversity of citizenship between the parties to this action.

### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13.     In controversies between citizens of different states, "The district courts shall have original jurisdiction of all civil actions were the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332

14.     Defendants can demonstrate that Plaintiff's claims are likely to exceed $75,000 given that she claims that she "has suffered painful, severe and permanent injuries as a result of the complications arising out of the use of the Allergan lap-band."  *Id.* at ¶ 9. Additionally, Plaintiff seeks "compensatory damages, attorney's costs and fees, and any other relief that Court deems fit." *Id.* at "Wherefore" clauses.

15. Further, Plaintiff alleges that she had to undergo surgery to remove her LAP-BAND® medical device, and needed additional "surgical repair work to her gastrointestinal tract." *Id.* at ¶ 8.

16. These allegations plainly indicate an amount in controversy greater than $75,000. "In today's world, it does not take much to exceed $75,000." *Wilson v. Hibu Inc.*, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (adopting "common-sense approach" and holding that, due to the claims and damages sought, the amount in controversy facially exceeded $75,000).

17. Based on Plaintiff's allegations of personal injuries and the claim for compensatory damages, it is facially apparent that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332. The second factor for federal court diversity jurisdiction is satisfied.

## CONCLUSION

18. Defendants Allergan and Apollo hereby remove Docket No. BER-L-4684-20 titled *Christine Macchia v. Allergan, Inc., et als.* pending in the Superior Court of New Jersey, Bergen County, to the United States District Court District of New Jersey, Newark Division.

19. By filing this Notice of Removal, Defendants Allergan and Apollo do not waive any defenses or rights. Defendants specifically reserve all defenses, objections and motions, including personal jurisdiction, submission of general jurisdiction to the Court, venue, insufficiency of process and insufficiency of service of process, and do not waive service.

20. Upon filing of this Notice, Defendants will give written notice thereof to Plaintiff's attorney and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Bergen County as provided by law.

4

Dated: September 18, 2020

Respectfully submitted,

LAW OFFICES OF ROBERT J. McGUIRL, LLC

Robert J. McGuirl, Esq. (RM5005)
Attorney ID:  003631981
295 Spring Valley Road
Park Ridge, New Jersey 07656
(201) 391-8200
(201) 391-8660
robert.mcguirl@rjmlaw.org
Attorneys for Defendants Allergan, Inc.
   and Apollo Endosurgy, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 18, 2020, a true and correct copy of

the above and foregoing document was filed electronically with the Clerk of this Court via ECF

System and served via electronically upon the following as follows:

**Via email**
Robert J. De Groot, Esq.
Law Offices of Robert J. De Groot
60 Park Place
Suite 105
Newark, NJ 07102
robertjdegroot@aol.com

*Attorney for Plaintiff*

# EXHIBIT "A"

Attorney(s):                **ROBERT J. DE GROOT, ESQ.**
Attorney Id No.:            **28235-1972**
Law Firm:
Address:                    **60 Park Place, Suite 105**
                            **Newark, New Jersey 07102**

Telephone No.:              **(973) 643-1930**
Fax No.:                    **(973) 643-7231**
E-mail:                     **robertjdegroot@aol.com**
Attorney(s) for Plaintiff(s): **CHRISTINE MACCHIA**

---

**CHRISTINE MACCHIA**

                                            Plaintiff(s)

vs.

**ALLERGAN, INC.; APOLLO ENDOSURGERY INC.; XYZ CORP., JOHN AND JANE DOES (1-10), (FICTITIOUS PARTIES)**

                                            Defendant(s)

SUPERIOR COURT OF NEW JERSEY

LAW  DIVISION

BERGEN  COUNTY

DOCKET NO.: **BER-L-004684-20**

CIVIL ACTION

# Summons

---

## FROM THE STATE OF NEW JERSEY

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00**                    and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Date: **August 20, 2020**

**MICHELLE M. SMITH**

*Clerk of the Superior Court*

Name of Defendant to be Served: **ALLERGAN, INC.**

Address of Defendant to be Served: **5 Giralda Farms, Madison, New Jersey 07940**

31 - Summons - Law or Chancery Divisions
Superior Court. Appendix XII-A. CN 10153.
Rev. 11/14   P11/18

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

Robert J. DeGroot, Esq.
Attorney ID: 28235-1972
60 Park Place, Suite 105
Newark, New Jersey 07102
Attorney for the Plaintiff
(973) 643-1930

```
-------------------------------------------x
CHRISTINE MACCHIA            :
            Plaintiff;        :
                             :
v.                           :
                             :
ALLERGAN, INC.,              :
APOLLO ENDOSURGERY INC.      :
XYZ CORP., JOHN AND JANE     :
DOES 1-10 (FICTITIOUS PARTIES) :
            Defendant(s).     :
-------------------------------------------x
```

**SUPERIOR COURT OF NEW JERSEY**
**BERGEN COUNTY-LAW DIVISION**
**CIVIL PART**
DOCKET NO. BER-L-004684-20
**COMPLAINT**

Plaintiff, Christine Macchia, by and through her attorney, Robert J. DeGroot, Esq.,

hereby alleges by way of Complaint the following:

## PARTIES

1. Plaintiff, Christine Macchia, (hereinafter referred to as the "Plaintiff") at all times

   relevant hereto resided in Washington Township in the County of Bergen, in the State of

   New Jersey.

2. Allergan, Inc. (hereinafter referred to as "Allergan") at all times relevant hereto is an

   entity who is licensed to do business in New Jersey and whose offices are located at 5

   Giralda Farms Madison, NJ 07940.

3. Apollo Endosurgery Inc. (hereinafter referred to as "Apollo") is an entity whose licensed

   and permitted to do business with the State of New Jersey and has its business offices in

Austin, Texas. Apollo purchased Allergan Inc.and assumed its assets, liabilities, debts and obligations.

4. XYZ Corp. is an entity, whose identity is unknown, that is the manufacturer, producer, and/or maker of the Lap-Band product.

## Facts Common to All Counts

5. The Plaintiff repeats and reasserts the preceding paragraphs as if fully plead herein.

6. Plaintiff had a lap-band produced by Allergan Inc. surgically installed after a consultation with her physician who deemed her an eligible candidate for the device.

7. In August 2018, Plaintiff was admitted to the emergency room at The Valley Hospital in Ridgewood, New Jersey.

8. Plaintiff was advised that due to complications arising out of the use of the Allergan lap-band, it had to be removed and she needed some other surgical repair work to her gastrointestinal tract.

9. Plaintiff has suffered painful, severe and permanent injuries as a result of the complications arising out of the use of the Allergan lap-band.


## Count I- Violation of New Jersey Product Liability Act- Manufacturing and design defect

10. Plaintiff repeats and realleges the assertions contained in the previous paragraphs as if fully plead herein.

11. The manufacturer of the defective product component, integrated into and caused the finished product to become defective.

12. In violation of N.J.S.A. §2A:58C-1 et. al. Allergan Inc., where it was feasible and practical for a safety device to have been installed at the time the component product and was within the control of the manufacturer, Allergan substantially participated in the integration of the defective component product into the ultimate design of the defective finished product.

13. Plaintiff is a reasonably foreseeable user of this product.

14. As a result of this defect, Plaintiff sustained serious, severe, painful and permanent injuries.

WHEREFORE, Plaintiff demands Judgment and an award of compensatory damages, attorney costs and fees, and any other relief that Court deems fit.

### Count II- Violation of New Jersey Product Liability Act- Failure to warn

15. Plaintiff repeats and realleges the assertions contained in the previous paragraphs as if fully plead herein.

16. At the time that Allergan Inc. designed, manufactured, promoted, marketed, sold and supplied the lap-band used by Plaintiff, the product contained defects that made it unreasonably dangerous beyond the expectations of the ordinary consumer, and was unfit for its intended use.

17. The lap-band reached Plaintiff without substantial change in the condition in which it was sold.

18. At the time, place, and on the occasions in question, the lap-band was properly used for the purpose for which it was intended, and such product was in fact defective, and unreasonably dangerous.

19. The foreseeable risk of harm from the defects in the lap-band could have been reduced or avoided by providing adequate instructions or warning.

20. In violation of N.J.S.A. §2A:58C-1 et. al., Allergan Inc. did not provide adequate instructions or warnings regarding the lap-band which were known or should have been known by Defendant.

21. As a result of the failure to provide adequate instructions or warnings, Plaintiff sustained serious, severe, painful and permanent injuries.

WHEREFORE, Plaintiff demands Judgment and an award of compensatory damages, attorney costs and fees, and any other relief that Court deems fit.

### Count III- Product Defect Causing Injury

22. Plaintiff repeats and realleges the assertions contained in the previous paragraphs as if fully plead herein.

23. Allergen produced the lap-band product which proximately cause harm to a reasonably foreseeable user, the Plaintiff, because the product was designed in a defective matter and a safe reasonable alternative design existed which Allergen failed to incorporate and produce the lap-band pursuant to that design.

24. Alternatively, the lap-band deviated from Allergan's design specifications and performance standards and caused the Plaintiff to sustain damages.

4

25. As a result of the product defect, Plaintiff sustained serious. severe, painful and permanent injuries.

WHEREFORE, Plaintiff demands Judgment and an award of compensatory damages, attorney costs and fees, and any other relief that Court deems fit.

### Count IV- Successor Liability

26. Plaintiff repeats and realleges the assertions contained in the previous paragraphs as if fully plead herein.

27. Allergen produced the lap-band product which proximately cause harm to a reasonably foreseeable user, the Plaintiff, because the product was designed in a defective matter and a safe reasonable alternative design existed which Allergen failed to incorporate and produce the lap-band pursuant to that design.

28. Alternatively, the lap-band deviated from Allergan's design specifications and performance standards and caused the Plaintiff to sustain damages.

29. As a result of the product defect, Plaintiff sustained serious, severe, painful and permanent injuries.

30. Apollo Endosurgery Inc. is an entity which purchased Allergan Inc. and assumed its assets, liabilities, debts and obligations. As a result of this purchase it owes consumers of the lap-band product, such as the Plaintiff, a duty to compensate for any of Allergen's product defects.

31. WHEREFORE, Plaintiff demands Judgment and an award of compensatory damages, attorney costs and fees, and any other relief that Court deems fit.

5

## DESIGNATION OF TRIAL COUNSEL

The Plaintiff hereby designates Robert J. DeGroot, Esq., as trial counsel in the within

matter.

DATE: 8/11/20

_____
Robert J. DeGroot

## JURY DEMAND

The Plaintiff hereby demands a trial by jury as to all the issues in the within matter.

DATE: 8/11/20

_____
Robert J. DeGroot

## CERTIFICATION PURSUANT TO R. 4:5-1

The matter in controversy is not the subject of any other action pending in any court or of

a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

To the best of the undersigned's knowledge, no other parties are to be added or must be added in

this matter.

DATE: 8/11/20

_____
Robert J. DeGroot

**Case Details | Case Number: BER-L-004684-20**

Case Caption: MACCHIA CHRISTINE  VS ALLERGAN INC.

Court: Civil Part     Venue: BERGEN     Case Initiation: 08/11/2020

Case Track: 3     Case Status: Active     Jury Demand: YES - 6 JURORS

Case Type: PRODUCT LIABILITY     Judge: BISHOP-THOMPSON, AVIS     Team: 1

Law Firm Case ID:

**Transaction Information**

Transaction ID: LCV20201386812     Received by eCourts On: 08/11/2020     Total Payment Amount: $250.00

Documents Received

COMPLAINT

Case Information Statement

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   AUGUST 11, 2020
                          RE:     MACCHIA CHRISTINE   VS ALLERGAN INC.
                          DOCKET: BER L -004684 20


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON AVIS BISHOP-THOMPSON


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT: (201) 527-2600.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                              ATT: ROBERT J. DE GROOT
                              ROBERT J. DE GROOT ESQ
                              60 PARK PLACE
                              STE 105
                              NEWARK          NJ 07102


ECOURTS
```

# EXHIBIT "B"

| CHRISTINE MACCHIA, | SUPERIOR COURT OF NEW JERSEY |
|---|---|
| Plaintiff, | Law Division |
| | Bergen County |
| v. | |
| | DOCKET NO.: BER-L-004684-20 |
| ELLERGAN, INC.; ET ALS | |
| | |
| Defendants. | **AFFIDAVIT OF SERVICE** |

| **Person to be served** (Name & Address): | Cost of Service pursuant to R. 4:4-3(c) |
|---|---|
| Allergan, Inc, | $ |
| 5 Giralda Farms | |
| Madison, NJ 07940 | |

| **Attorney:** | |
|---|---|
| **Robert J. DeGroot, Esquire** | |
| **56 Park Place** | |
| **Newark, NJ 07102** | |
| Papers Served: Summons and Complaint | |

**Service Data:**
Served Successfully __X__    Not Served _____        Date: **8/21/20**   Time:**12:00  p.m.**

_____Delivered a copy to him / her personally
_____Left a copy with a competent household         Name of Person Served
        member over 14 years of age residing          **John Glinko, Security**
        therein (indicate name & relationship at right)
__XX__Left a copy with a person authorized to
        accept service, e.g., managing agent,
        registered agent, etc.

**Description of Person Accepting Service:**

Sex: **M** Age: **59** Height: **5'10"**  Weight: **170 lbs.** Skin Color: **White**  Hair Color: **Brown**

| Subscribed and Sworn to me this | **Server Data:** |
|---|---|
| 21 day of August, 2020 | I, **JOHN PEREZ** was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct. |
| Maria Teresa Perez | **JOHN PEREZ** |
| Notary Public, New Jersey | NJ Legal Process Service, LLC |
| My Commission Expires 6-05-24 | 78 Sandy Island Drive |
| | Brick, NJ 08723 |